**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**RYAN PATRICK SHERMAN,**

**Defendant.**

**3:26-cr-00332-AB**

**PROTECTIVE ORDER**

Upon motion of the United States, the Court being advised as to the nature of this case, and there being no objection by the parties, it is hereby:

ORDERED that pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, counsel of record, their investigators, assistants, and employees may review with defendants all discovery material produced by the government, but shall not provide defendants with copies of, or unsupervised access to, any discovery material produced by the government which contains:

(a) Identifying Information of Minor Victims: The name or any other information concerning the identity of a minor victim, including without limitation, any minor victim's date of birth, social security number, address, telephone number, email address, driver's license number, professional license number, or family members' names; or

(b) Personal Identifying Information: Personal identifying information (PII) as identified in Rule 49.1 of the Federal Rules of Criminal Procedure of any individual, including without limitation, any individual's date of birth, social security number, address, telephone

number, email address, driver's license number, professional license number, or family members' names; or

(c) Sealed Information: The contents of any sealed documents, to include search warrants applications, wiretap applications and their contents (affidavits, orders) and other court-ordered authorizations (e.g., pen registers, geolocation orders, tracking orders) ("Sealed Information")

(d) Medical or mental health records.

IT IS FURTHER ORDERED that the following materials are exempt from this Order: (i) materials that are, or later become, part of the public record, including materials that have been received in evidence in this or other public trials, or materials that are publicly released by the U.S. Attorney's Office or the government of the United States; (ii) materials that the defense obtains by means other than discovery; and (iii) materials that pertain solely and directly to the defendant including the defendant's PII.

IT IS FURTHER ORDERED that neither defense counsel nor defendant shall provide any discovery material produced by the government to any person not a party to this case, or make any public disclosure of the same, without the government's express written permission, except that defense counsel may provide discovery material to those persons employed, retained, or otherwise consulted by defense counsel who are necessary to assist counsel of record in preparation for trial or other proceedings, including any potential witnesses defense counsel consults with in this matter.

IT IS FURTHER ORDERED that no person or entity authorized to access Sensitive Materials under the terms of this Order shall input, transmit, upload, process, generate output from, or otherwise expose any Sensitive Materials received pursuant to this Protective Order to

any artificial intelligence ("AI") tool that would (i) retain or use any Sensitive Materials for model training, or (ii) expose any Sensitive Materials to third parties not authorized under this Protective Order to receive such materials. Under no circumstances shall any member of the defense team submit Sensitive Materials to any publicly accessible AI system that retains and/or uses submitted data to train models. "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise. These restrictions should not hinder defendant's ability to prepare for trial and will protect others from potential harassment or exposure to misuse of their confidential personal and financial information. Defense counsel reserve the right to seek modifications or changes with the government and the Court after a full review of the discovery provided. The parties will meet and confer regarding any discovery issues prior to bringing them to the Court's attention. The parties understand that the Court retains jurisdiction to modify this Order, upon motion, even after the conclusion of district court proceedings in this case.

Dated: September 18th, 2026

HONORABLE AMY M. BAGGIO
United States District Judge

Presented by:

SCOTT E. BRADFORD
United States Attorney

*/s/ Natasha M. Geiling*
NATASHA M. GEILING, CASB #341432
Assistant United States Attorney